UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------×

AKEELA ZAMAN,

                *Plaintiff,*

           v.

ABG-HERVE LEGER, LLC, CENTRIC BRANDS
HOLDING LLC, and COURTNEY PEPE,

                *Defendants.*

------------------------------------------------------------------------×

20-CV-07872

**COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiff, Akeela Zaman, by her attorneys, Young & Ma LLP, complains of Defendants as follows:

### PRELIMINARY STATEMENT

1.     Plaintiff Akeela Zaman ("Plaintiff" or "Ms. Zaman") seeks damages and costs against Defendants ABG-Herve Leger, LLC ("Herve Leger"), Centric Brands Holding LLC ("Centric Brands")("collectively, the "Company"), and Courtney Pepe ("Pepe")(collectively, "Defendants") for discriminating against her based on sex, pregnancy, and need for accommodations, subjecting her to a hostile work environment, retaliation, and ultimately constructively discharging her from employment, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §2000e *et seq.*; the Americans with Disabilities Act ("ADA"), codified at 42 U.S.C. §§ 12101 *et seq.*; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.*

1

2. Plaintiff also seeks damages and costs against Defendants for unlawful discrimination and retaliation under the Family and Medical Leave Act ("FMLA"), 29 US.C. §2601 *et seq.* and New York Paid Family Leave Law, 12 N.Y.C.R.R. § 355 *et seq.*

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over Plaintiff's claims, as Defendants violated Plaintiff's rights under Title VII, the ADA, and the FMLA.

4. Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about March 12, 2020.

5. The EEOC issued a right to sue on or about June 29, 2020.

6. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's NYSHRL, NYCHRL, and New York Paid Family Leave Law claims as they are so related to the Title VII, ADA, and FMLA claims that they form part of the same case or controversy.

7. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Southern District of New York, as a substantial part of the events giving rise to these claims occurred within this District.

## PARTIES

8. Plaintiff, at all times relevant hereto, was and is a resident of Kings County in the State of New York.

9. Upon information and belief, at all times relevant hereto, Defendant ABG-Herve Leger, LLC was and is a foreign business corporation organized under the laws of the State of Delaware, doing business in New York City with offices located at 409 West Broadway, New York, NY 10012.

10. Upon information and belief, Defendant Centric Brands Holding LLC was and is a foreign business corporation organized under the laws of the State of Delaware, doing business in New York City with offices located at 350 Fifth Avenue, 6th Floor, New York, NY 10118.

11. Upon information and belief, Defendant Courtney Pepe is an individual residing in New York and is the district manager of the Company's New York locations.

## STATEMENT OF MATERIAL FACTS

12. Defendant ABG-Herve Leger, LLC is an elite international clothing brand for women and a wholly-owned subsidiary of Authentic Brands Group LLC.

13. Defendant Centric Brands Holding LLC is a lifestyle brand.

14. Defendant Courtney Pepe is the district manager of the New York locations in which Ms. Zaman worked.

15. Ms. Zaman has a BA in Criminal Justice from John Jay College of Criminal Justice, a Dispute Resolution Certificate and CITI Certificate. In Ms. Zaman's decade-long career, she has worked in many competitive capacities as a campaign worker, secretary, investigator, research analyst, mediator, and senior counselor. From 2011 to 2014, she was employed as a marketing spokesmodel for Front Row Event and Production Management. From 2014 to 2015, she worked as a salesperson for Guess? Inc.

16. Ms. Zaman started to work for the Company in December 2015.

17. At the Company, Ms. Zaman was responsible for overseeing and leading activities required to meet or exceed client experiences, store goals, operation and payroll expenses, loss prevention, merchandising directive and sales objectives; acting as store manager when one is not present, strong analysis aptitude in driving results, increasing sales volume through clientele; ability and

track record around reducing loss and strong understanding of loss prevention; and being visually inclined in merchandising, executing floor sets & maintaining store standards.

18. Between December 2015 and January 2017, Ms. Zaman earned the GUEST excellence award. She recommended five employees who ended up top sellers for the Company, and had two elite clients who spent over $30,000 a year and attended NY Fall Fashion week with her. Throughout her tenure, Ms. Zaman maintained a book of over $100,000.

19. In February 2017, Ms. Zaman was promoted to Store Manager. Unfortunately, that store closed in April 2017, at which Ms. Zaman was asked to stay on and transferred to Flatiron, where she worked as an Assistant Store manager. When that store closed, Ms. Zaman transferred to the flagship 40th Street store, where she was loved for her energy but demoted to sales manager due to the store's needs.

20. In September 2018, Ms. Zaman wanted the assistant store manager position again, but Bernadette Canepa (a woman with no children) got the job due to District Manager Defendant Pepe's preferences.

21. In October 2018, Ms. Zaman announced her pregnancy and her March 31, 2019 due date. She had complications with amniotic fluid and stopped working on March 23, 2019 before her due date.

22. The store at which Ms. Zaman worked had four employees. All of the three others were single women with no children.

23. On July 31, 2019, when discussing her return, Ms. Zaman noticed that she was scheduled to be working seven days in a row. As a new mother who was breastfeeding, she asked for three days a week and less than forty hours. Although the Company certainly had the ability to

accommodate this, Defendants said the best they can do is five days in a row. Ms. Zaman continuously expressed to Caroline Chamorro ("Chamorro") how hard this was.

24. On August 7, 2019, Ms. Zaman spoke with Kala (benefits coordinator). who asked for a fitness for duty form. Ms. Zaman's doctor responded, "Pt. is breastfeeding. Have pt. able to take break in a private area in order for her to pump." Kala said Ms. Zaman could pump in a conference room, but such a conference room did not exist and Kala never got back to Ms. Zaman about this. Ms. Zaman's medical note and request for accommodation were ignored. Defendants did not care that this was in violation of New York Labor Law § 206-C and FLSA 29 U.S.C. 207(r) even without the note.

25. On August 8, 2019, Ms. Zaman spoke with Chris Lucia ("Lucia") about her schedule and pumping, as she was still on the schedule for six days in a row. She also asked for the 15th and 16th of August off for acclimation. She needed to pump twice a day during the shift. Lucia suggested that Ms. Zaman use her unpaid time to pump. He recommended 45-60 minutes for lunch and two 10 minute paid breaks between 10:45 am and 7:30 pm. Ms. Zaman forfeited her lunch because it takes more than 10 minutes to pump. Instead, she asked for two 30-minute unpaid breaks in the early afternoon and evening to pump.

26. In the updated schedule, Ms. Zaman would not be given time off until August 18, which meant she was again working six days in a row. When she inquired why her accommodation request for a reduced schedule was refused when there are two other available associates, Lucia said it was the best Chamorro could do and that District Manager Defendant Pepe would like to have a conversation with Ms. Zaman and welcome her back. Pepe never called Ms. Zaman.

27. On August 13, 2019, her first day back, Ms. Zaman confirmed that she needed to pump but was forced to do it in a communal area open to all employees with no doors or curtains. There

was even a camera and she had to pump with her back to it. If someone came to do a stock check, grab a package or go to the bathroom, Ms. Zaman would be exposed. She could not pump in the dressing room.

28. The next day, a private area was still not made available to Ms. Zaman. A UPS delivery man came so she had to move from the area and her breasts were exposed on camera. Ms. Zaman's pumping was interrupted even though she had clocked out for this.

29. On August 15, 2019, Chamorro, Shaeta Hossain ("Hossain"), and Ms. Zaman were on the schedule. Hossain called out on a family emergency and Chamorro called out sick. When this happens, the protocol was to borrow from the closest store. Defendant Pepe denied this request for coverage. As a result, in the first week back from maternity leave, Ms. Zaman had a full day without breaks to pump or eat. She was in physical pain.

30. Therefore, in order to continue her decision to pump breast milk for her child, Ms. Zaman was constructively discharged on August 16, 2019.

31. Ms. Zaman's milk supply dropped, which was devastating to her. She had already lost her job to keep pumping because the Company refused to comply with New York Labor Law § 206-C and FLSA 29 U.S.C. 207(r) as well as other federal, state and city laws. Ms. Zaman risked losing her milk supply completely.

32. Chamorro also threatened that since Ms. Zaman did not give two weeks' notice, she could not ever be rehired. Ms. Zaman wrote a letter explaining that she was forced to resign because the Company did not care for its employees or breastfeeding mothers.

# CAUSES OF ACTION

## FIRST CAUSE OF ACTION
### Sex and Pregnancy Discrimination and Hostile Work Environment
### in Violation of Title VII
### (Against Defendants Herve Leger and Centric Brands)

33. Plaintiff hereby realleges and incorporates each and every allegation contained in this Complaint with the same force as though separately alleged herein.

34. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000(e) et seq., for relief based upon the unlawful employment practices of Defendants Herve Leger and Centric Brands.

35. Herve Leger and Centric Brands were and are Plaintiff's "employer" within the meaning of Title VII.

36. Plaintiff was and is a female "employee" of Herve Leger and Centric Brands and is a member of protected classes within the meaning of Title VII.

37. At all times, the Company was aware of Plaintiff's sex, and since October 2018, of her pregnancy.

38. By the conduct alleged in this Complaint, Herve Leger and Centric Brands discriminated against Plaintiff with respect to the compensation, terms, conditions and privileges of her employment because of her sex and pregnancy.

39. Plaintiff was subjected to a pervasive hostile work environment by the Defendants' unlawful conduct in violation of Title VII.

40. The Company engaged in unlawful employment practices prohibited by Title VII because of Plaintiff's sex and pregnancy in the manner described in the Statement of Facts.

41. Plaintiff suffered adverse employment actions and continuing damage by the Defendants due to her sex and pregnancy and the hostile work environment that Plaintiff suffered.

42. As a direct and proximate result of the Company's unlawful and willful conduct, Plaintiff has suffered and will continue to suffer the loss of income and damage to reputation. Plaintiff has also suffered and/or will suffer future pecuniary losses, attorney's fees and costs, emotional and physical pain and suffering, inconvenience and other non-pecuniary losses.

43. As a further direct and proximate result of the Company's unlawful and willful conduct, Plaintiff has suffered and will continue to suffer, among other things, impairment and damage to her good name and reputation, emotional distress, physical injury, mental anguish and lasting embarrassment and humiliation.

44. Plaintiff is entitled to recover, inter alia, monetary damages and other damages and relief, including, but not limited to back pay, front pay, punitive damages, reasonable attorney's fees, emotional distress damages and compensatory damages from Herve Leger and Centric Brands under Title VII.

**SECOND CAUSE OF ACTION**
**Sex and Pregnancy Discrimination and Hostile Work Environment**
**in Violation of NYSHRL**
**(Against All Defendants)**

45. Plaintiff hereby realleges and incorporates each and every allegation contained in this Complaint with the same force as though separately alleged herein.

46. This Count is brought under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq., and reference is made to the NYSHRL in its entirety.

47. At all relevant times, the Company was and is Plaintiff's "employer" within the meaning of the NYSHRL.

48. At all relevant times, Plaintiff was and is an "employee" of Herve Leger and Centric Brands within the meaning of the NYSHRL.

49. At all times, Defendants were aware of Plaintiff's sex and since October 2018, of her pregnancy.

50. Defendants engaged in unlawful employment practices prohibited by the NYSHRL because of Plaintiff's sex and pregnancy in the manner described in the Statement of Facts.

51. Plaintiff is severely limited in her career by Defendants' unlawful conduct due to her sex and pregnancy.

52. Defendants' conduct, as alleged herein, constitutes unlawful discriminatory practices and unlawful discrimination on the basis of sex and pregnancy as defined by the NYSHRL, by engaging in, causing, perpetrating, committing, authorizing, directing, participating in, aiding, abetting, inciting, compelling and/or coercing the unlawful conduct alleged herein, or attempting to do so, in violation of the NYSHRL.

53. Defendants are also individually and jointly liable for the unlawful conduct herein, including, without limitation, as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL.

54. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

55. Plaintiff's damages include, inter alia, financial loss, loss of employment opportunities, damage to her career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment opportunities.

56. Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to, back pay, front pay, compensatory and punitive damages, and costs and attorney's fees from Defendants under the NYSHRL.

# THIRD CAUSE OF ACTION
## Sex and Pregnancy Discrimination and Hostile Work Environment
## in Violation of NYCHRL
## (Against All Defendants)

57. Plaintiff hereby realleges and incorporates each and every allegation contained in this Complaint with the same force as though separately alleged herein.

58. This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

59. At all relevant times, Defendants were and are an employer and person within the meaning of the NYCHRL.

60. At all relevant times herein, Plaintiff was and is an employee and person within the meaning of the NYCHRL.

61. At all times, Defendants were aware of Plaintiff's sex and since October 2018, of her pregnancy.

62. Defendants engaged in unlawful employment practices prohibited by NYCHRL because of Plaintiff's sex and pregnancy in the manner described in the Statement of Facts.

63. Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

64. Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination and sexual harassment.

65. Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL.

66. As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continue to suffer injury, with resulting monetary, economic and other damages, including without limitation, lost wages, lost back pay, lost benefits, lost bonuses, interest on the foregoing, and attorney's fees and costs.

67. As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continue to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional and physical pain and suffering, and lasting embarrassment and humiliation.

68. Plaintiff is entitled to recover monetary damages and other damages and relief, including compensatory and punitive damages, interest, and attorney's fees and costs from Defendants under the NYCHRL.

**FOURTH CAUSE OF ACTION**
**Failure to Provide Reasonable Accommodation**
**in Violation of the ADA (Against Defendants Herve Leger and Centric Brands)**
**and the NYSHRL and NYCHRL**
**(Against All Defendants)**

69. Plaintiff hereby realleges and incorporates each and every allegation contained in this Complaint with the same force as though separately alleged herein.

70. The ADA, NYSHRL and NYCHRL require Defendants to engage in a mandatory interactive process and cooperative dialogue to identify a reasonable accommodation for an employee with disabilities such as Plaintiff, but Defendants failed to do so for Plaintiff.

71. Defendants failed to provide a reasonable accommodation for Plaintiff's disabilities by refusing to engage in the mandatory interactive process and cooperative dialogue in good faith to identify a reasonable accommodation for her disabilities.

72. As such, Defendants have violated the ADA, NYSHRL and NYCHRL.

73. Additionally, Defendants failed to engage in a cooperative dialogue with Plaintiff after obtaining multiple verbal, written and medical notices of Plaintiff's medical needs to have reasonable accommodations as alleged in the Statement of Facts, and failed to provide a credible written explanation as to why these accommodations are not possible for a company the size of Defendants and for the experience and role Plaintiff has.

74. As a direct and proximate consequence of Defendants' discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, economic loss and emotional distress, all in amounts to be determined at trial.

75. Defendants' discriminatory conduct was willful and in reckless disregard of Plaintiff's protected rights. As such, Plaintiff is entitled to an award of punitive damages.

**FIFTH CAUSE OF ACTION**
**Discrimination and Retaliation**
**in Violation of the FMLA and NY Paid Family Leave Law**
**(Against All Defendants)**

76. Plaintiff hereby realleges and incorporates each and every allegation contained in this Complaint with the same force as though separately alleged herein.

77. At all times relevant herein, Plaintiff was and is an "eligible employee" within the meaning of the FMLA. Plaintiff was a full-time employee of Herve Leger and Centric Brands and at all relevant times worked at least 1,250 hours in any 12 month period. Plaintiff is also a covered employee under the meaning of the New York Paid Family Leave Law, 12 N.Y.C.R.R. § 355 *et seq*.

78. At all times relevant herein, Defendants Herve Leger and Centric Brands were and are a "covered employer" within the meaning of the FMLA. Herve Leger and Centric Brands employ 50 or more employees in at least 20 calendar weeks within a 75 mile radius of the Company.

Herve Leger and Centric Brands are also an employer with obligations under the New York Paid Family Leave Law, 12 N.Y.C.R.R. § 355 *et seq.*

79. At all times relevant herein, Defendant Pepe was and is a "covered employer" within the meaning of the FMLA. Pepe possessed the power to control Plaintiff's employment, had the power to hire and fire employees, supervised or controlled employee work schedules or conditions of employment, determined the rate and method of payment, and maintained employment records. Pepe was and is also an employer under the meaning of the New York Paid Family Leave Law, 12 N.Y.C.R.R. § 355 *et seq.*

80. By the actions described in the Statement of Material Facts, among others, Defendants violated the FMLA and NY Paid Family Leave Law by unlawfully interfering with, restraining or denying the exercise of Plaintiff's rights, *inter alia*, constructively discharging her shortly after Plaintiff returned from maternity leave, an action that would clearly deter employees from exercising their rights under the FMLA and New York Paid Family Leave Law.

81. As a direct and proximate result of Defendants' unlawful conduct in violation of the FMLA and NY Paid Family Leave Law, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of damages, to the greatest extent permitted under law, in addition to reasonable attorney's fees and expenses.

## JURY DEMAND

82. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff demands a judgment against Defendants as follows:

A. Issue a declaratory judgment declaring that the actions of the Defendants, as set forth in this Complaint, violated: (i) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; (ii) Americans with Disabilities Act, codified at 42 U.S.C. §§ 12101 et

seq.; (iii) the New York State Human Rights Law, N.Y. Exec. Law. § 290 et seq.; (iv) the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq.; (v) Family and Medical Leave Act, 29 US.C. §2601 et seq.; and (vi) New York Paid Family Leave Law, 12 N.Y.C.R.R. § 355 et seq., and (vii) that Defendants' foregoing acts of discrimination, harassment and retaliation against Plaintiff were intentional and willful.

B. Enjoin and restrain the Defendants and all persons acting on their behalf, or in concert with them, from engaging in such unlawful discriminatory and retaliatory practices;

C. Enter judgment in favor of the Plaintiff, and against the Defendants, for back pay, front pay, and lost benefits, including, among other things, in the amount of the wages and bonuses it is determined that the Plaintiff lost as a result of the Defendants' unlawful, discriminatory and retaliatory conduct, together with interest (and adjusted to make Plaintiff whole for any increased tax liability incurred by her receipt of a lump sum payment in a single year);

D. Enter judgment in favor of the Plaintiff, and against the Defendants for compensatory damages, including but not limited to, damages for Plaintiff's mental anguish, humiliation, lack of self-respect, emotional and physical pain, suffering and illness, together with interest;

E. Award the Plaintiff punitive damages;

F. Award the Plaintiff liquidated damages;

G. Award the Plaintiff reasonable attorney's fees, interest, and expenses together with the costs of this action;

H. Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of the Plaintiff's rights under the laws cited herein, to prevent their recurrence in the future and to protect other employees from such unlawful behavior; and

I. Such other and further relief as the court deems appropriate to be determined at trial.

Dated: New York, New York
      September 24, 2020

Respectfully submitted,

By: _____
Tiffany Ma, Esq.
Young & Ma LLP
575 Lexington Avenue, 4th Floor
New York, NY 10022
T: (212) 971-9773
F: (212) 600-2301
tma@youngandma.com